**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CITIFINANCIAL MORTGAGE CO., INC.,** | ) | **CASE NO.1:06CV644** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DAVID W. LOURY, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court upon the unopposed Amended Motion (ECF Dkt#21) for Summary Judgment of Plaintiff Citifinancial Mortgage Co., Inc., ("Citifinancial") against Defendants David W. Loury and Pamela S. Loury. For the following reasons, the Court grants Plaintiff's Motion. The Court also holds that the lien of Defendant Columbia Credit Services, Inc. is subservient to the lien of Plaintiff.

## FACTUAL BACKGROUND

On October 26, 2001, Defendants David W. Loury and Pamela S. Loury executed a Promissory Note and executed and delivered a Mortgage to secure amounts due on the Note.

1

Plaintiff is the holder and owner of the Note and Mortgage.  The Mortgage conveys to Plaintiff property commonly known as 20710 Halifax Road, Warrensville Heights, OH 44122, parcel number 761-04-086.  Plaintiff brought this Complaint, alleging Defendants are in default under the terms and conditions of the Note and Mortgage.  Service was completed on all Defendants.  Defendants David and Pamela Loury answered.  Plaintiff filed its Amended Motion for Summary Judgment against Defendants David and Pamela Loury on December 1, 2006.  No opposition brief has been submitted.

## LAW AND ANALYSIS

### Standard of Review

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial.  *See, Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).  "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id*. at 255.

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired."  The district court's power to grant dispositive motions because they are unopposed is firmly settled.  *Demsey v. R.J. Reynolds*

*Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv*., 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.*

Citifinancial submits the affidavit of its records custodian, which establishes that Citifinancial is the owner and holder of the Note and Mortgage and is entitled to enforce its rights under them; that David W. Loury signed the Note, promising to make monthly payments on or before the date such payments were due; that the Mortgage conveyed to Citifinancial the property commonly known as 20710 Halifax Road, Warrensville Heights, OH 44122, parcel number 761-04-086; that monthly payments were not made; that written notice of default was given; that the sums due under the Note were accelerated; and that there is due and owing on the Note, principal in the amount of One Hundred Twenty Thousand Six Hundred Sixty-Eight Dollars and Five Cents ($120,668.05), plus unpaid interest at the rate of 9.09% per annum from September 26, 2005.

The Court finds that Defendant Columbia Credit Services, Inc. possesses some right, title, interest, or lien upon the premises described herein, but that any right, title, interest, or lien that it may have is inferior and subsequent to the lien of the Plaintiff as evidenced by the preliminary judicial report. Therefore, such right, title, interest or lien of the above named defendant is ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable and the amount herein above found due to

the Plaintiff.

Because Defendants have failed to file any response to Citifinancial's Amended Motion for Summary Judgment, and Defendant Columbia Credit Services, Inc. has failed to respond to the allegations in Plaintiff's Complaint, the facts in Citifinancial's supporting affidavit and other evidentiary materials is unrefuted. Plaintiff is, therefore, entitled to summary judgment in its favor as a matter of law. Fed.R. Civ. P. 56(c); Local Rule 7.1(g).

## **CONCLUSION**

For the foregoing reasons, summary judgment is granted in favor of Plaintiff Citifinancial and against Defendants David W. Loury and Pamela S. Loury for the principal amount due on the Note in the amount of One Hundred Twenty Thousand Six Hundred Sixty-Eight Dollars and Five Cents ($120,668.05), plus unpaid interest at the rate of 9.09% per annum from September 26, 2005, plus costs. Plaintiff is also granted judgment on Defendant's counterclaim, as Defendant has failed to refute Plaintiff's evidence or offer evidence in support of their counterclaims. The defaulted Defendant is foreclosed from asserting an equal or superior priority to Plaintiff, the primary lienholder in this action.

If this judgment is not satisfied within ten (10) days, Plaintiff Citifinancial may file its Proposed Decree in Foreclosure and Motion for Order of Sale and Appointment of Master Commissioner in accordance with the terms of General Order No. 2006-16.

IT IS SO ORDERED.

January 18, 2007          s/Christopher A. Boyko
Date                           CHRISTOPHER A. BOYKO
                                 United States District Judge